UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-86 (DWF)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

URIEL ADAN VASQUEZ-RIOS,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Uriel Adan Vasquez-Rios (hereinafter referred to as "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.   **Charges.** Defendant agrees to plead guilty to Count 1 of the Information, which charges Defendant with Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). The United States agrees not to charge Defendant with other child-pornography-related offenses known on the date of entry of this plea agreement.

2.   **Factual Basis**. Defendant agrees that the following summary fairly and accurately sets forth Defendant's offense conduct and a factual basis for the guilty plea. Defendant further agrees that the facts set forth in the summary are true and could be established beyond a reasonable doubt if the case were to proceed to trial.

Defendant came to law enforcement's attention when, from approximately 2017 through 2020, he created multiple social media accounts through which he made communications soliciting child pornography and/or sexual contact with children. As part of its investigation, law enforcement searched Defendant's residence and seized an Apple iPhone SE Gen 2, Model A2275. As revealed during a forensic examination of the iPhone, Defendant used the phone to visit websites for the purpose of viewing child pornography. The forensic examination of the iPhone also showed that a video file was downloaded to Defendant's iPhone on or about June 24, 2020. Defendant agrees that he knowingly downloaded the file to his iPhone using the internet, and that he knew the file contained child pornography. The downloaded file is named "!!!20.avi," and contains a video of approximately two minutes and forty-six seconds in duration. Defendant agrees that the video shows a naked prepubescent boy engaging in sexual conduct with an adult male, including fellatio.

Defendant agrees that the downloaded video file depicts a real child. Defendant agrees that the victim shown in the video was under the age of 12 when the video was produced. Defendant agrees that the video traveled in interstate commerce before coming into his possession. Defendant agrees that he knowingly and voluntarily received the file containing the video of child pornography charged in Count 1 of the Information.

3. **Waiver of Indictment.** Defendant agrees to waive indictment by a grand jury on this charge and to consent to the filing of a criminal information. Defendant further agrees to execute a written waiver of Defendant's right to be indicted by a grand jury on this offense.

4. **Waiver of Pretrial Motions.** Defendant understands and agrees that Defendant has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, Defendant knowingly, willingly, and voluntarily gives up the right to file pretrial motions in this case.

5. **Statutory Penalties.** The parties agree that Count 1 of the Information carries statutory penalties of:

   a. a mandatory minimum of 5 years' imprisonment;
   b. a maximum of 20 years' imprisonment;
   c. a supervised release term of at least 5 years up to a maximum supervised release term of life;
   d. a requirement to follow all applicable federal, state, and local laws regarding sex offender registration;
   e. a fine of up to $250,000;
   f. a mandatory special assessment of $100;
   g. an additional special assessment of $5,000 under the Justice for Victims of Trafficking Act; and
   h. payment of mandatory restitution in an amount agreed to by the parties or to be determined by the Court.

6. **Sex Offender Registration.** Defendant understands that by pleading guilty, Defendant will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that, independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.

7. **Revocation of Supervised Release.** Defendant understands that if Defendant were to violate any condition of supervised release, Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8. **Guideline Calculations.** The parties acknowledge that Defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

   a. Base Offense Level. The parties agree that the base offense level for receipt of child pornography is 22. U.S.S.G. § 2G2.2(a)(2).

   b. Specific Offense Characteristics. The parties agree that the offense level should be increased by 2 levels, because Defendant possessed material involving prepubescent minors (U.S.S.G. § 2G2.2(b)(2)); increased a further 4 levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence (U.S.S.G. § 2G2.2(b)(4)(A)); and increased by an additional 2 levels because Defendant used a computer, as defined in 18 U.S.C. § 1030(e)(1) (U.S.S.G. § 2G2.2(b)(6)). The parties agree that no other specific offense characteristics apply.

   c. Acceptance of Responsibility. The Government agrees to recommend that Defendant receive a three-level reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, Defendant understands and agrees that this recommendation is conditioned upon the following: (i) Defendant testifies truthfully during the change of plea and sentencing hearings, (ii) Defendant provides complete and truthful information to the Probation Office in the presentence investigation, and (iii) Defendant commits no further acts inconsistent with acceptance of responsibility.

      U.S.S.G. § 3E1.1. The parties agree that other than as provided for herein no other Chapter 3 adjustments apply.

  d. <u>Criminal History Category</u>. Based on information available at this time, the parties believe that Defendant's criminal history category is I. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status (which might impact Defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. If Defendant's criminal history category is something other than I, that is not a basis for Defendant to withdraw from this Plea Agreement.

  e. <u>Guideline Range</u>. If the offense level is 27, and the criminal history category is I, the Sentencing Guidelines range is 70–87 months of imprisonment.

  f. <u>Fine Range</u>. If the adjusted offense level is 27, the fine range is $25,000 to $250,000. U.S.S.G. § 5E1.2(c)(3).

  g. <u>Supervised Release</u>. Pursuant to 18 U.S.C. § 3583(k), Defendant's term of supervised release must be at least 5 years, and as much as life.

  h. <u>Sentencing Recommendation and Departures</u>. The parties reserve the right to make a motion for departures from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range.

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory, and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline

5

calculations or Defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and Defendant will be sentenced pursuant to the Court's determinations.

10. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which Defendant is convicted. U.S.S.G. § 5E1.3. Defendant agrees to pay the special assessment at or prior to sentencing. Further, an additional assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act may apply if Defendant is found to be non-indigent. 18 U.S.C. § 3014.

11. **Restitution.** Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, and 18 U.S.C. § 2259 apply and that the Court is required to order Defendant to make restitution to the victims of his crime. At this time, the Government believes there is an identified victim of Defendant's offense, but the Government is awaiting identifying information from the National Center for Missing and Exploited Children. Defendant understands that the victim, once identified, is entitled to at least $3,000 in restitution. Defendant understands that the victim's specific request may be higher than that amount, and he understands and agrees that he is required to pay the requested restitution pursuant to 18 U.S.C. §§ 3663A and 2259.

12. **Disclosure of Assets.** Defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which Defendant has any right, title, or interest, or over which he exercises control, directly or indirectly, including these assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. Defendant agrees to assist the United States in identifying,

locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. Defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. Defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning Defendant's assets and expressly authorizes the United States to obtain a credit report on Defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, Defendant agrees to submit to one or more asset interviews or depositions under oath.

13. **Forfeiture**. Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253(a), the following:

   a. any visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, data disc, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

   b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

   c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property, including the Apple iPhone SE Gen 2, Model A2275, that was seized from Defendant on or about September 29, 2020.

Defendant agrees that this property is subject to forfeiture because the items were used to commit the violations charged in the Information. The United States reserves the right to seek the forfeiture of additional property.

14. **Waivers of Appeal and Collateral Attack.** Defendant understands that 18 U.S.C. § 3742 affords Defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal Defendant's sentence, unless the sentence exceeds 87 months' imprisonment. The Government agrees to waive its right to appeal Defendants' sentence so long as the sentence is not less than 70 months' imprisonment.

In addition, Defendant expressly waives the right to petition under 28 U.S.C. § 2255, but reserves the right to raise the issue of ineffective assistance of counsel. Defendant has discussed these rights with his attorney. Defendant understands the rights being waived, and Defendant waives these rights knowingly, intelligently, and voluntarily.

15. **Waiver of Right to FOIA Requests.** Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552.

16. **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and Defendant.

Date: 5/11/21

W. ANDERS FOLK
Acting United States Attorney

_____
BY: EMILY A. POLACHEK,
Assistant U.S. Attorney

Date: 5/11/21

_____
URIEL ADAN VASQUEZ-RIOS
Defendant

Date: 5/11/21

_____
JILL BRISBOIS, ESQ.
Counsel for Defendant